# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| In re:   Pete McCullough III | ) | |
| | ) | Case No.: 19-80950-CRJ-7 |
| SSN: xxx-xx-3714 | ) | |
| | ) | |
| Debtor. | ) | CHAPTER 7 |
| _____ | ) | |

## CREDITOR'S AMENDED MOTION TO REOPEN CHAPTER 7 CASE AND FOR RELIEF FROM THIS COURT'S ORDER OF DISCHARGE BASED ON EXTRAORDINARY CIRCUMSTANCES

COMES NOW Sheila Hale, the mother and personal representative of Shawn Bone, deceased (the "Decedent Estate") and files this motion and shows this Court as follows:

### JURISDICTION

1. On March 27, 2019, Pete McCullough III (the "Debtor") commenced with this Court a voluntary case under Chapter 12 of Title 11, United States Code.

2. This Court has subject matter jurisdiction to consider and determine this motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Per 28 U.S.C. §§ 1408 and 1409, venue is proper before this Court.

3. The Decedent Estate brings this motion pursuant to 11 U.S.C. § 105, Rule 60(b) of the *Federal Rules of Civil Procedure*, and Rule 9024 of the *Federal Rules of Bankruptcy Procedure.*

### RELEVANT FACTS

**A.   The Debtor's Arrest for Shawn Bone's Murder.**

4. On July 9, 2018, Shawn Bone died from a fatal gunshot wound suffered while at work at a Taco Bell location in Huntsville, Alabama.

5. A Madison County, Alabama grand jury indicted the Debtor on one count of murder for the slaying of Mr. Bone. A copy of the grand jury inditement is attached hereto as Exhibit "A."

6. According to the Madison County, Alabama Clerk of Court's Office, the Debtor is expected to go to trial for Mr. Bone's death in January 2020.

7. The Decedent Estate filed a lawsuit against the Debtor on July 26, 2018 for Mr. Bone's wrongful death (the "Lawsuit"). A copy of the civil complaint in the Lawsuit is attached hereto as Exhibit "B."

8. The Decedent Estate properly served the Debtor with legal process in the Lawsuit by August 2018. Further, the Debtor retained defense legal counsel who made an appearance to represent him in that case.

9. On August 29, 2018, the state trial court stayed the Lawsuit pending resolution of the criminal case against the Debtor.

**B.     The Debtor's Bankruptcy Case.**

10. Eight months after the Decedent Estate filed the Lawsuit against the Debtor, Mr. McCullough filed a Chapter 7 bankruptcy petition with this Court.

11. Mr. McCullough's bankruptcy schedules listed secured debts totaling $5,020.00 and unsecured debts totaling $6,046.57.

12. Conspicuously absent from the Debtor's schedules is any reference to the Lawsuit, the late Mr. Bone, the Decedent Estate, or the Decedent Estate's legal counsel in the Lawsuit.

13. The Debtor simply left this information and these parties off of his bankruptcy schedules.

14. Further, the Debtor and his state court defense counsel failed to give notice of the Chapter 7 bankruptcy case to the Decedent Estate, its law firm, or the state trial court. To date, no Suggestion of Bankruptcy has been filed in the Lawsuit.

15. The Decedent Estate did not exercise its right to participate in the Debtor's § 341 meeting of creditors because it had no knowledge of the Chapter 7 case.

16. On July 1, 2019 – one day before the deadline for parties in interest to object to Debtor receiving his Chapter 7 discharge – the Debtor amended his bankruptcy schedules at 4:54 PM to add the Decedent Estate as a creditor, in care of the Decedent Estate's legal counsel in the Lawsuit.

17. Debtor's counsel did not mail notice of the bankruptcy case to the Decedent Estate's legal counsel until after the objection deadline had passed; according to the postage meter stamp on the letter envelope, counsel mailed the notice on July 3, 2019. A copy of the letter envelope is attached hereto as Exhibit "C."

18. As a direct result of this inappropriate manipulation of the bankruptcy schedules, the Decedent Estate's legal counsel did not receive notice of the Debtor's bankruptcy case until after the opportunity to object to the Debtor's Chapter 7 discharge had expired.

19 Decedent Estate's has brought this Motion after discovering the Debtor's bankruptcy filing.

### ARGUMENT:
### EXTRAORDINARY CAUSE EXISTS FOR THIS COURT TO REOPEN THIS CASE AND GRANT THE DECEDENT ESTATE RELIEF FROM THIS COURT'S DISCHARGE ORDER

**A. This Court May Reopen the Case for Cause.**

Statutorily, this Court may reopen this bankruptcy case and grant the Decedent Estate relief. 11 U.S.C. § 350(b) states that this Court may reopen a closed case "to administer assets, to accord relief to the debtor, or for other cause." Other cause exists here because the Debtor failed to notify a material creditor of this case before the discharge order had been entered. This significant omission by the Debtor harmed the Decedent Estate because the Debtor left it without an opportunity to participate in the case. As discussed below, this Court may grant relief to the Decedent Estate Movant once the case is reopened. Accordingly, good cause exists to reopen this case.

**B. The Bankruptcy Code and Applicable Caselaw Allow this Court to Set Aside the Debtor's Discharge Order.**

Rule 60(b) of the *Federal Rules of Civil Procedure*, which is incorporated into bankruptcy practice by Rule 9024 of the *Federal Rules of Bankruptcy Procedure*, states that this Court may relieve a party from a final order based on the following: (1) mistake, inadvertence, surprise, or excusable neglect… (3) fraud, misrepresentation, or misconduct… and (6) any other reason that justifies relief. As discussed, all three of these grounds exists in this case.

Courts in this federal circuit have noted in *dicta* that the Bankruptcy Code allows this Court to revoke or vacate the entry of a discharge order in certain situations; *see e.g., In re Gomez,* 456 BR 574, 577 (MD Fla 2011):

> A few Courts have held a Bankruptcy Court has the authority to revoke or vacate a discharge through Federal Rule of Bankruptcy Procedure 9024, which makes Federal Rule of Civil Procedure 60 applicable to bankruptcy proceedings, where the granting of the discharge was the type of "mistake" or "inadvertence" the Bankruptcy Court was empowered to remedy pursuant to Rule 9024. *See, e.g., Disch v. Rasmussen,* 417 F.3d 769, 779 (7th Cir.2005) (finding the granting of the debtor's Chapter 7 discharge resulted from the Court's own mistake and the circumstances required corrective action through revocation of the discharge pursuant to Rule 9024); *Cisneros v. U.S.* (*In re Cisneros*), 994 F.2d 1462, 1466 (9th Cir. 1993) (affirming Bankruptcy Court's vacating of debtors' Chapter 13 discharge pursuant to Rule 9024 where discharge was entered upon the Court's mistaken belief debtors had made all plan payments). A motion to revoke pursuant to Rule 9024 must be brought within a "reasonable time" as required by Rule 60(b). *In re Cisneros,* 994 F.2d at 1467.

The Seventh Circuit in *Disch v. Rasmussen,* 417 at 779, held that inequitable conduct on the part of a debtor that would lead to a denial of discharge constitutes ground to vacate or revoke the Debtor's discharge order:

> In the case before us, the bankruptcy court noted that it was only at the adversary hearing that it became aware of the inappropriateness of [the debtor]'s order of discharge, which had been granted more or less automatically. Had the court known of the facts concerning her conduct, it would never have issued the order. We find that the initial grant of a discharge for [the debtor] was the sort of "mistake" or "inadvertence" that the court was empowered to reach under Bankruptcy Rule 9024, and the court did not abuse its discretion by taking corrective action under the circumstances presented here.

In this case, the Debtor signed his bankruptcy schedules under penalty of perjury and tactically excluded the Decedent Estate from receiving notice of this case until after the deadline for an action concerning the Debtor's discharge. This is conduct supporting a denial of discharge pursuant to 11 U.S.C. § 727(a)(4). Had this Court known of the Debtor's conduct, it is reasonable to expect that this Court would not have granted Mr. McCullough his Chapter 7 discharge. Accordingly, this Court may vacate its order granting the Debtor a discharge under Rule 9024 of the *Federal Rules of Bankruptcy Procedure.*

If there is any circumstance that justifies extraordinary relief, it is this one: Mr. Bone is dead, and the Debtor is charged with his murder. Any civil judgment arising from Mr. Bone's wrongful death is certainly non-dischargable pursuant to 11 U.S.C. § 523. The Decedent Estate filed a timely lawsuit against the Debtor before the bankruptcy petition date, and the Debtor was properly served and represented by legal counsel. The Debtor and his attorneys failed to give notice of the bankruptcy to the Decedent Estate, the Decedent Estate's legal counsel, or the state court handling the Lawsuit. The Debtor purposefully amended his bankruptcy schedules after the § 341 meeting of creditors had occurred and immediately before the deadline to file an 11 U.S.C. § 523 action, without giving actual notice to the Decedent Estate.

C. **In the Alternative, the Bankruptcy Code Allows the Decedent Estate to File an Action Pursuant to 11 U.S.C. § 523(a)(3)(B) After the Debtor has Received his Discharge.**

Even if the Court declines to set aside the Debtor's discharge order, the Decedent Estate may still be entitled to relief. 11 U.S.C. § 523(a)(3)(B) states that "A discharge under Section 727… does not discharge an individual debtor from any debt neither listed nor scheduled under Section 521(1) of this title… of such creditor to whom such debt is owed, in time to permit … [the] timely request for a [11 U.S.C. § 523(a)(4)] determin[ation] of dischargeability of such debt." Thus, if the debt owed to the Decedent Estate is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4) and the Decedent Estate lacked adequate notice to file an action under Section 523, then the Debtor's discharge does not relieve him of this debt. The facts in this case support such a finding, and so the Decedent Estate seeks leave of this Court to file an action pursuant to 11 U.S.C. § 523(a)(3)(B) to determine that the Debtor's discharge does not relieve him of his debts owed to the Decedent Estate.

## **CONCLUSION**

The Debtor's overt behavior and decisions to hide this bankruptcy case from his primary creditor have deprived the Decedent Estate of its basic due process right to participate in this case. It is impossible to believe that the Debtor forgot about the wrongful death lawsuit when he signed his schedules but conveniently remembered it one day before the objection to discharge deadline. Denying the Decedent Estate an opportunity to participate and litigate any claims it possesses against the Debtor violates the basic principal of equity and due process contained in the Bankruptcy Code and practiced by this Court.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Sheila Hale, the mother and personal representative of Shawn Bone, deceased respectfully requests that this Court enter an Order:

(a) Reopening this Chapter 7 bankruptcy case;

(b) Granting the Decedent Estate relief from its Order of Discharge by altering or amending said Order under Rule 60(b) of the *Federal Rules of Civil Procedure*, and Rule 9024 of the *Federal Rules of Bankruptcy Procedure*;

(c) Granting the Decedent Estate leave to file an action pursuant to 11 U.S.C. § 523; and

(d) Granting such relief as this Court deems just and proper.

Respectfully submitted this the 26th day of August, 2019.

/s/ Tazewell T. Shepard IV
Tazewell T. Shepard III
Tazewell T. Shepard IV
*Attorneys for the Movants*

**SPARKMAN, SHEPARD & MORRIS, P.C.**
P.O. Box 19045
Huntsville, AL 35804
Tel: (256) 512-9924
Fax: (256) 512-9837

## CERTIFICATE OF SERVICE

This is to certify that I have this the 26th day of August, 2019 served the foregoing document upon the Clerk of Court's matrix of creditors in this case, Pete McCullough III, Debtor, 3211 Overhill Street NW, Huntsville, AL 35810, Jeffrey Irby, Attorney for Debtor, Jeffrey B. Irby P.C., 300 Clinton Avenue W., Suite 23, Huntsville, AL 35801, Rip Andrews, Attorney for Plaintiff, Marsh Rickard & Bryan P.C., 800 Shades Creek Parkway, Suite 600-D, Birmingham, AL 35209, Richard Blythe, Office of the Bankruptcy Administrator, P.O. Box 3045, Decatur, AL 35602, and all persons requesting notice by electronic service through the Court's CM/ECF system and/or by depositing said copies in the United States Mail in properly addressed envelopes with adequate postage thereon.

/s/ Tazewell T. Shepard IV
Tazewell T. Shepard IV